UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAZAM DINMALIK,

    Plaintiff,

                                                Civil No. 07-13907
                                                Hon. John Feikens

    v.

HENRY FORD MACOMB HOSPITAL
CORP., TRINITY HEALTH – MICHIGAN,
ST. JOSEPH'S HEALTHCARE MEDICAL
STAFF FOUNDATION, INC.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

      Nazam Dinmalik filed a complaint against his former employers, Henry Ford Macomb Hospital, Trinity Health-Michigan and St. Joseph's Healthcare Medical Staff Foundation, Inc., alleging that they discriminated against him due to his national origin and his age.  Dinmalik claims that these actions violate the Equal Opportunity in Employment Act, 42 USC 2000e-2(a)(2), 29 CFR 1601, 1606 and 1625 as well as Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e-5.   Defendants now bring a motion for summary judgment. Dinmalik has not submitted a response to this motion.  For the reasons set forth below, I GRANT Defendants' Motion for Summary Judgment.

**FACTS**

      Nazam Dinmalik was born in Pakistan but immigrated to the United States in 1985 and is now a United States citizen.  Dinmalik was employed by Defendants as a pharmacy technician at

St. Joseph's Hospital from June 1, 2000, through March 2, 2006.  Dinmalik's supervisor was pharmacy manager Mark Guzzardo.  Over the course of his supervision of Dinmalik, Guzzardo gave him multiple written warnings for unscheduled absences.  Dinmalik also failed to put proper warning labels on medication on multiple occasions.  In December 2002, Guzzardo and another pharmacist met with Dinmalik to discuss his unsatisfactory work performance, and gave him 30 days to improve his performance.  In February of 2003, five other employees complained to Guzzardo that Dinmalik failed to coordinate and organize his work to provide effective service.  Again, Guzzardo informed Dinmalik that his performance was unsatisfactory and needed to improve.

On February 6, 2003, Guzzardo sought approval from the Defendants' human resources department to terminate Dinmalik's employment for unsatisfactory work performance.  However, Dinmalik slipped and fell in the Defendants' parking lot and took leave under the Family Medical Leave Act ("FMLA") to recover from his injury.  When Dinmalik returned from FMLA leave, Defendants placed him on another performance improvement plan.  He showed improvement; therefore Guzzardo decided not to fire him.

In 2004, Guzzardo left St. Joseph's and Steve Fecteau replaced him as pharmacy manager.  Guzzardo did not inform Fecteau of any of Dinmalik's performance issues.  However, Fecteau soon observed problems with Dinmalik's performance.  Fecteau gave Dinmalik a written warning for six unscheduled absences. Additionally, Fecteau spoke with Dinmalik about the following problems: being rude to the nursing staff; failing to dispose of expired bags of the controlled substance Fentanyl; incorrectly labeling two milligram tablets of Amaryl as one milligram tablets; incorrectly refilling a dispensing drawer; and failure to timely deliver

narcotics to nursing units. On November 15, 2005, Fecteau issued a Final Written Warning for Unacceptable Work Performance and informed Dinmalik that continued unacceptable work performance issues could result in termination.

Despite this final written warning, Dinmalik's performance problems continued. Fecteau received complaints from other pharmacy technicians that they had to help Dinmalik because he was behind in his billing responsibilities. Additionally, Dinmalik refused to put medications away while completing billing tasks. When asked to do so by the supervising pharmacist, Dinmalik claimed it was not his job. Even after the supervising pharmacist explained that it was part of his job responsibilities, Dinmalik persisted in refusing to put the medications away as instructed.

On March 2, 2006, Fecteau informed Dinmalik that he was terminated for unsatisfactory job performance. Due to financial problems, Defendants did not replace Dinmalik. Defendants did not hire another pharmacy technicians until July 1, 2006, nearly four months after Dinmalik's termination.

Following his termination, Dinmalik filed a Charge of Discrimination with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and national origin discrimination. He did not allege age discrimination in these complaints. Both the Michigan Department of Civil Rights and the EEOC found his claims to be meritless.

Dinmalik filed his Complaint with this Court on September 17, 2007. While this case was proceeding, Dinmalik filed a Voluntary Petition for Chapter 7 Bankruptcy on February 28, 2008. Dinmalik failed to disclose the litigation in this Court in the sworn schedules and

amended schedules that he filed with the bankruptcy court. On June 10, 2008, the bankruptcy court issued an order of discharge, ending the bankruptcy case and discharging Dinmalik's debts.

## STANDARD

Summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if proof of that fact would establish or refute one of the essential elements of a claim or defense and would affect the application of governing law to the rights and obligations of the parties. Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence and any inferences drawn therefrom in a light most favorable to the nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). For a claim to survive summary judgment, the nonmovant must offer more than a mere scintilla of evidence as to the material facts. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The movant's burden is satisfied where there is an absence of evidence to support the nonmovant's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

## ANALYSIS

Defendants have demonstrated that there is no genuine issue of material fact and therefore they are entitled to judgment on the merits. See Fed. R. Civ. P. 56(c). Dinmalik does not dispute that he failed to exhaust his administrative remedies with regard to his age discrimination claims. Therefore, I hold that his claim of age discrimination must be dismissed for lack of subject matter jurisdiction.

Additionally, Defendants are entitled to judgment as a matter of law on the national original discrimination claim because (1) under Federal Rule of Civil Procedure 17(a), only the

bankruptcy trustee in charge of Dinmalik's estate would be able to represent his claim as a legal party in interest and (2) Dinmalik is judicially estopped from pursuing this claim because he failed to disclose it in his bankruptcy proceedings.

**Failure to Exhaust Administrative Remedies**

In order for federal courts to have subject matter jurisdiction over Title VII claims, the plaintiff must first unsuccessfully pursue administrative relief. Love v. Pullman Co., 404 U.S. 522, 30 L.Ed 2d 679, 92 S.Ct. 616 (1972); Ang v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991). Therefore, the Sixth Circuit has held that if the plaintiff did not first present a claim to the EEOC, that claim may not be brought before a federal court. Ang, 932 F.2d at 545. The complaint filed with the court must be limited "to the scope of the investigation reasonably expected to grow out of the charge of discrimination" that was filed with the EEOC. Id. at 545 (citing EEOC v. Bailey Co., Inc., 563 F.2d 439 (6th Cir. 1977), cert. denied, 435 U.S. 915, 98 S.Ct. 1468, 55 L.Ed. 2d 506 (1978)). "For a charge to grow out of an ensuing investigation, the plaintiff's EEOC charge must at a minimum relate *facts* that would prompt the EEOC to consider or investigate other forms of discrimination." Young v. Daimlerchrysler Corp., 52 Fed. App'x. 637, 640 (6th Cir. 2002).

In this case, when Dinmalik filed his charge with the EEOC, he alleged discrimination on the basis of race and national origin, but not age discrimination. There is no evidence to suggest that the scope of the investigation went beyond these charges or that the facts alleged by Dinmalik should have prompted the EEOC to investigate age discrimination in addition to the charges of race discrimination and national origin discrimination. The EEOC Investigative Report indicates that when the EEOC investigated whether a person similarly situated was

treated differently, it compared Dinmalik to a white female pharmacy technician. However, the Report does not mention her age, and contains no other indications that the facts alleged in Dinmalik's charges of race and national original claims should have prompted the EEOC to consider or investigate age discrimination.

Dinmalik failed to pursue his age discrimination claim with the EEOC, and thus failed to exhaust his administrative remedies with respect to that claim. Therefore, this Court lacks subject matter jurisdiction over the age discrimination claim, and I dismiss that claim.

**Real Party in Interest under *Federal Rule of Civil Procedure 17(a)***

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). A real party in interest is "the person who is entitled to enforce the right asserted under the governing substantive law." Rodriguez v. Mustang Mfg. Co., 2008 U.S. Dist. LEXIS 50098 (E.D. Mich. 2008) (Cleland, J.) (citing Certain Interested Underwriters at Lloyd's London, Eng. v. Layne, 26 F.3d 39, 42-43 (6th Cir. 1994)).

When an individual files for bankruptcy, all of his legal and equitable interests in property become part of his estate. 11 U.S.C. § 541(a)(1). The Sixth Circuit has held that causes of action are considered property of a debtor. Bauer v. Commerce Union Bank, 859 F.2d 438, 440-442. A debtor's trustee has the exclusive right to assert the debtor's claim and therefore is the real party in interest. Penn v. BP Corp. North America, Inc., 2008 U.S. Dist. LEXIS 14069 (E.D. Mich. 2008) (Ludington, J.) (citing In re Van Dresser Corp., 128 F.3d 945 (6th Cir. 1997)). Since Dinmalik has filed for bankruptcy, his trustee has the exclusive right to assert this claim. Therefore, Dinmalik is not the real party in interest and cannot proceed with this action.

Federal Rule of Civil Procedure 17(a)(3) states that a court should not dismiss an action

for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party to "ratify, join or be substituted into the action." Fed. R. Civ. P. 17(a)(3). However, before dismissing an action, the district court should first consider ratification or substitution by the trustee. Rodriguez, 2008 U.S. Dist. LEXIS at *8 (citing Knight v. New Farmers Nat. Bank, 1991 U.S. App. LEXIS 24819, 1991 WL 207056 at *2 (6th Cir. Oct. 16, 1991)).

Here, Dinmalik has not objected to the case being dismissed–he has failed to file a response of any kind to Defendants' Motion for Summary Judgment. Additionally, he has had a reasonable time to ascertain the real party in interest. Dinmalik filed for bankruptcy nearly a year ago and was discharged six months ago. Therefore, I dismiss Dinmalik's claim of discrimination on the basis of national origin for failure to prosecute in the name of the real party in interest.

**Judicial Estoppel**

Defendants argue that Dinmalik is judicially estopped from pursuing this action because he failed to disclose this litigation in the sworn and amended schedules filed with the bankruptcy court and because the bankruptcy court adopted this position when it discharged his debts. The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)(citation omitted). Judicial estoppel is intended to "preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." Teledyne Indus., Inc. v.

NLRB, 911 F.2d 1214, 1217-18 (6th Cir. 1990).  Judicial estoppel is "an equitable doctrine to be invoked by the court at its discretion."  New Hampshire, 532 U.S. at 750.  Judicial estoppel bars a party from "(1) asserting a position that is contrary to the one that the party has asserted under oath in a prior proceeding where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition."  Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002) (citing Teledyne at 1218). However, judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence.  Browning at 776.

Dinmalik failed to disclose this claim in his filings with the bankruptcy court.  The Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs."  11 U.S.C. § 521(1).  A cause of action is an asset that must be scheduled under 11 U.S.C. § 521. Lewis v. Weyerhauser Co., 141 F. App'x. 420, 424 (6th Cir. 2005).  When the bankruptcy court discharged Dinmalik's debts, it adopted his position that he had no assets, including no legal claims, other than those declared on the sworn schedules he submitted.   Dinmalik now attempts to pursue a legal claim in this Court after the bankruptcy court ruled that no such claim existed.  This claim is barred by judicial estoppel, because allowing Dinmalik to proceed would be contrary to his prior position and the position adopted by the bankruptcy court.

## CONCLUSION

Based on the reasoning set forth above I GRANT Defendants' Motion for Summary Judgment.  I dismiss the age discrimination charge for lack of jurisdiction and dismiss the national origin discrimination because Dinmalik is not the real party in interest and because judicial estoppel bars this claim.

**IT IS SO ORDERED.**

Date:   January 27, 2009            s/ John Feikens
                                    John Feikens
                                    United States District Judge

---

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on January 27, 2009, by U.S. first class mail or electronic means.

                            s/Carol Cohron
                            Case Manager

---